**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2168-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARQUIS S. HOWARD,

     Defendant-Appellant.

_____

Submitted June 6, 2019 – Decided June 13, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 03-10-1109.

Marquis S. Howard, appellant pro se.

Jennifer Davenport, Acting Union County Prosecutor, attorney for respondent (Frank Lawrence Valdinoto, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Marquis Howard appeals from the August 30, 2017 Law Division order denying his motion for a reduction of sentence pursuant to Rule 3:21-10(b)(3).  On appeal, defendant raises the following contention:

Point I

> The Lower Court Decision to Deny [Defendant's] Motion for a Change of Sentence Pursuant to [Rule] 3:21-10(b)(3), Should be Reversed Because it was Based Upon an Incorrect Interpretation of the Rule.

We reject this contention and affirm

On October 17, 2003, a grand jury indicted defendant for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and/or (2) (count one); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two).  Pursuant to a plea agreement, defendant pled guilty to count two and to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a), on count one.  In exchange for defendant's plea, the State agreed to recommend a twenty-two year term of imprisonment on count one, subject to a mandatory eighty-five percent period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and a concurrent five-year term on count two.  On November 19, 2004, the court sentenced defendant in accordance with the plea agreement and entered a judgment of conviction (JOC).

2

On May 22, 2017, defendant filed a motion for a reduction of his sentence pursuant to Rule 3:21-10(b)(3).  Relying on State v. Mendel, 212 N.J. Super. 110 (App. Div. 1986), the motion judge denied the motion, finding defendant was not entitled to relief under the rule because he had not completed his statutorily mandated term of parole ineligibility and failed to submit an affidavit or certification from the Union County Prosecutor's Office.

On appeal, defendant argues the judge erred in concluding that Mendel requires him to serve his statutorily mandated period of parole ineligibility before he is entitled to relief under Rule 3:21-10(b)(3).  He argues that pursuant to the rule, he can file a motion to reduce his sentence at any time regardless of the statutorily mandated parole ineligibility and is entitled to a reduction.

Rule 3:21-10(a) provides:

> Except as provided in [Rule 3:21-10(b)], a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the judgment of conviction.  The court may reduce or change a sentence, either on motion or on its own initiative, by order entered within [seventy-five] days from the date of the judgment of conviction and not thereafter.

Because the court entered defendant's JOC in November 2004, defendant's motion was untimely.  Thus, he had to meet one of the exceptions in Rule 3:21-10(b).  Defendant relies on Rule 3:21-10(b)(3), which permits the filing of a

motion and entry of an order "changing a sentence for good cause shown upon the joint application of the defendant and prosecuting attorney[.]"  Defendant is correct that a motion under Rule 3:21-10(b) may be filed "at any time." However, we held in Mendel, 212 N.J. Super. at 113, that "a sentence cannot be changed or reduced under [Rule] 3:21-10(b) below the parole ineligibility term required by statute."

Defendant's twenty-two year sentence is subject to the mandatory eighty-five-percent period of parole ineligibility under NERA.  His statutory minimum term of imprisonment is eighteen years and seven months and he will not be eligible for parole until December 2022.  Thus, his sentence may not be changed or reduced under Rule 3:21-10(b)(3).

We reject defendant's argument that our holding in Mendel applies only to Rule 3:21-10(b)(1).[1]  We made clear in Mendel that "[w]here a parole ineligibility term is required or mandated by statute, an application may not be granted under [Rule] 3:21-10(b) so as to change or reduce that sentence."  Ibid. We did not draw a distinction between Rule 3:21-10(b)(1) and (3), and did not

---

[1]  Rule 3:21-10(b)(1) permits the filing of a motion and entry of an order "changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse[.]"

A-2168-17T4

exempt subsection (3) applicants from serving their statutorily mandated terms of parole ineligibility before seeking a reduction or change of sentence. Defendant has not completed his statutorily mandated period of parole ineligibility, and thus, is not entitled to relief under Rule 3:21-10(b)(3). In addition, defendant failed to assert any facts showing good cause and that his application was "the joint application of the defendant and prosecuting attorney." See R. 3:21-10(b)(3).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2168-17T4